UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| FINAL EXIT NETWORK, INC., a Florida nonprofit corporation, EDMUND ("TED") BALLOU, and KEVIN T. BRADLEY,<br><br>  Plaintiffs,<br>v.<br><br>JAMES STUART, in his official capacity as the Anoka County sheriff, and TONY PALUMBO, in his official capacity as the Anoka County Attorney,<br><br>  Defendants. | Case No. : 0:21-CV-01235<br><br><br><br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

  The plaintiffs, FINAL EXIT NETWORK, INC. ("FEN"), a Florida non-profit corporation, EDMUND ("TED") BALLOU, and KEVIN T. BRADLEY, sue the defendants, JAMES STUART, in his official capacity as the Anoka County sheriff, and TONY PALUMBO, in his official capacity as the Anoka County Attorney, and allege:

  1.  This is a preenforcement challenge to the constitutionality of Minn. Stat. § 609.215, subd. 1 (the "Statute"), under the First Amendment to the United States Constitution.

  2.  The Statute makes it a crime for one to assist another in a suicide. The plaintiffs do not challenge the Statute to the extent it criminalizes such conduct. However, the Supreme Court of Minnesota has interpreted § 609.215, subd. 1 to alternatively criminalize "speech alone" in that the word "assists" in the Minnesota law criminalizes not only conduct, but alternatively

"speech" that "enables" a "suicide." The plaintiffs challenge the constitutionality of the Statute as as applied to the extent it makes a crime of First Amendment-protected speech in the absence of any non-speech conduct, i.e., physical assistance or providing the means. They further argue that the Statute is unconstitutional in that it is overbroad and underinclusive in violation of the First Amendment as applied.

3. Minnesota authorities apply the "crime" of "speech" that "enables" a "suicide" to people who merely hand a copy of a *New York Times* bestseller on "self deliverance," *Final Exit*, which is universally available in libraries and bookstores and on the Internet, to someone who is contemplating suicide. The state maintains that a librarian is guilty under the Minnesota Statute for showing a library patron where to find *Final Exit* on the shelves, provided only that the patron first mentioned that he or she was contemplating suicide.

4. The plaintiffs seek a declaratory judgment of the Statute's unconstitutionality pursuant to the United States Constitution; 42 U.S.C. § 1983; and 28 U.S.C. § 2201. The plaintiffs further seek temporary and permanent injunctive relief pursuant to 28 U.S.C. § 2202.

5. Venue lies in this district under 28 U.S.C. § 1391(b) because the Minnesota statute is enforced here and the defendants are officials of this state and reside here.

6. The defendants act under color of state law when acting in their official capacities. The sheriff is an elected official, apprehends all felons, executes all process, appoints deputies, and is responsible for their conduct. *See* Minn. Stat. §§ 382.01; 387.03; 387.14. The county attorney is an elected official and is vested with the authority to determine whether to prosecute a suspect under Minn. Stat. § 609.215, subd. 1, and to initiate such prosecutions. *See* Minn. Stat. §§ 388.01; 388.051.

7. Final Exit Network, Inc. is a not-for-profit corporation organized and existing under the laws of the State of Florida. FEN's volunteer Exit Guides provide their free services in every State in the Union. In its Exit Guide program, FEN provides information, education, and emotional support to people who are considering whether to make an informed and rational choice to terminate irremediable suffering.

8. FEN screens Exit Guide program applicants to ensure that their suffering cannot be relieved and that their decision is competent, voluntary, and well considered. Under FEN's published policies, protocols, and practices, Exit Guides do not solicit or encourage Exit Guide program applicants or participants to hasten their deaths at any stage of the process and scrupulously avoid providing any physical assistance in (or providing the means for) what the Statute defines as "suicide." As part of the Exit Guide program, the volunteers sometimes sit with an Exit Guide program participant at the time of the person's death to provide a compassionate presence in the belief that few people wish to die alone.

9. Under *State v. Melchert-Dinkel*, 844 N.W.2d 13 (Minn. 2014), and *State v. Final Exit Network, Inc.,* 889 N.W.2d 296, 307-08 (Minn. Ct. App. 2016), *pet. for rev. denied*, Case No. A15-1826, March 14, 2017, *cert. denied*, 138 S. Ct. 145, 199 L. Ed. 2d 36 (2017), Minnesota has become the only State in the Union to clearly and explicitly make the routine activities of the Exit Guides — all core First Amendment-protected speech — a crime.

10. On May 4, 2021, the plaintiffs Bradley and Ballou, acting as Exit Guides of FEN, visited the home of an Exit Guide program participant in Anoka County, Minnesota. The participant's name is not disclosed in this Complaint in hopes the Court will require the parties to refer to the person solely as "Pat Doe," or some such pseudonym, in all pleadings and otherwise avoid disclosing the individual's identity to the public.

11. Anoka County sheriff's deputies arrived at the residence within minutes of the moment the Exit Guides had arrived. No attempt at suicide had taken place. The Exit Guides and the persons at the home had exchanged pleasantries but had not said a word about the purpose of the visit.

12. The sheriff's deputies stated that they had received a phone call informing them that an "assisted suicide" was to take place. They forcibly seized Ballou's backpack and Bradley's travel bag (the "bags") and said they would not search the bags until they obtained search warrants. Since then, deputies have refused to return the bags and have confirmed they obtained search warrants and searched the bags. They also confirmed they obtained warrants to conduct a forensic examination of a laptop in the backpack and an iPad in the travel bag.

13. The deputies' activities all demonstrate that the deputies maintain that they have probable cause to believe the bags and their contents were used in the commission of a crime. Under the circumstances, the only possible contemplated crime would have to be "attempting to assist in a suicide" and could have been based only on pure speech.

14. Therefore, the corporation and the Exit Guides have more than ample reason to believe they are threatened with imminent prosecution and punishment under Minnesota law for the exercise of their right to freedom of speech. In addition, the Exit Guides themselves are threatened with imminent arrest and the indefinite deprivation of liberty occasioned by pretrial release on bail.

15. Under Minnesota law, a suspect can be convicted of *attempting* to assist in a suicide by engaging in "speech" that "enables" a "suicide" even if the "suicide" does not take

4

place or the "victim" does not utilize the supposedly "enabling" information. *See State v. Melchert-Dinkel*, No. A15-0073, 2015 WL 9437531, at *10-11 (Minn. Ct. App. 2015) (confirming the existence of the crime of "attempting" to "assist" in "suicide" by speech that "enables" a "suicide" while finding the defendant not guilty for other reasons).

16. The plaintiffs Ballou and Bradley have also suffered and continue on an ongoing basis to suffer a concrete, particularized injury in fact inasmuch as the sheriff's deputies have seized their personal property, refused to return it, and sought, obtained, and executed search warrants to search within the belongings. The charges expected to flow from the sheriff's faulty finding of probable cause are reasonably likely to be prosecuted by the county attorney. Thus, FEN and the Exit Guides are threatened with imminent arrest, prosecution, and punishment by the defendants under the Minnesota Statute for the exercise of their right to freedom of speech.

17. Probable cause for the initial seizure of the bags was based on a statute that does not discriminate between criminal conduct and First Amendment-protected speech. The initial seizure, the warrants, the searches, and the ongoing confiscation of the Exit Guides' property was thus a deprivation of the Exit Guides' First Amendment rights.

18. The plaintiffs' current, ongoing, and imminently anticipated future injuries are fairly traceable to the defendants. These current, ongoing, and imminently anticipated future injuries would be redressed by a declaratory judgment that the Statute is unconstitutional on its face and as applied and a permanent injunction that the Statute not be enforced to the extent it bans "speech" that "enables" a "suicide."

19. The plaintiffs have no adequate remedy at law, are threatened with unconstitutional punishment for the exercise of their First Amendment-protected rights, and face

imminent and irreparable loss of their rights in the future by the threat of prosecution. Absent expedited consideration and prompt injunction, the plaintiffs will continue to suffer substantial and irreparable harm and their rights will finally and fully be denied.

20. The plaintiffs have been obligated to retain the undersigned counsel to vindicate their right to the freedom of speech and from unlawful seizures and searches. They have been forced to incur court costs and attorneys' fees in order to bring this action. They are entitled to recover their costs and a reasonable attorneys' fee pursuant to 42 U.S.C. § 1988.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiffs pray for:

a) A temporary injunction that the defendants discontinue making plans to prosecute the plaintiffs and not initiate any prosecution of the plaintiffs until further order of the Court;

b) A temporary injunction that the defendants maintain the plaintiffs' confiscated property in a secure location and not disseminate the property or any information found within the property to any third party pending further order of the Court;

c) A declaratory final judgment holding that Minn. Stat. § 609.215, subd 1 is unconstitutional on its face and as applied to the extent it criminalizes "speech" that "enables" a "suicide" in the absence of any physical assistance in suicide;

d) A permanent injunction prohibiting the defendants from enforcing Minn. Stat. § 609.215, subd 1, to the extent it criminalizes "speech" that "enables" a "suicide" in the absence of any non-speech conduct;

e) An award of their court costs, including a reasonable attorneys' fee, and

  f)  such other and further relief as the Court deems appropriate.

Dated this May 17, 2021.

                Respectfully submitted,

| /s/Robert Rivas | /s/Paul Engh |
|---|---|
| Robert Rivas | Paul Engh |
| Sachs Sax Caplan, P.L. | 650 3rd Ave. S. #260 |
| 2013 Godfrey Pl | Minneapolis, MN  55402 |
| Tallahassee, FL 32309-2115 | (612) 252-1100 |
| (850) 591-1492 | Minnesota Bar No. 134685 |
| Pro Hac Vice, Florida Bar No. 896969 | engh4@aol.com |
| rrivas@ssclawfirm.com | |

        Lawyers for Final Exit Network, Inc.